**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| JASON CARTER,<br><br>     Plaintiff,<br><br>v.<br><br>MARK LUDWICK, Agent of Iowa Department of Criminal Investigation, in his official capacity;<br><br>MARION COUNTY, IOWA;<br><br>REED KIOUS, Marion County Deputy Sheriff in his individual capacity;<br><br>BILLY GENE CARTER,<br><br>     Defendants. | Case No. 4:19-cv-00401-CRW-CFB<br><br><br><br>**DEFENDANTS' BRIEF IN SUPPORT OF RENEWED RULE 12(b)(6) PRE-ANSWER MOTION TO DISMISS** |

**COME NOW**, the Defendants, Marion County, Iowa and Reed Kious, Marion County Deputy Sheriff in his individual capacity, by and through undersigned counsel, and for their Brief in Support of their Renewed Rule 12(b)(6) Pre-Answer Motion to Dismiss, state as follows:

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 3

STANDARD OF REVIEW ............................................................................................. 3

ARGUMENT ................................................................................................................... 5

A. THE COURT CAN CONSIDER THE ARREST WARRANT AND RESULTING DECISION FROM THE CRIMINAL PROCEEDINGS UNDERLYING THIS ACTION .......................................................................................................... 5

B. PLAINTIFF'S SECOND AMENDED COMPLAINT IS A "SHOTGUN PLEADING" WHICH IS IMPERMISSIBLE UNDER FEDERAL RULE OF CIVIL PROCEDURE 8(a) AND (d) ..................................................................... 7

C. PLAINTIFF'S COUNT I ALLEGING A VIOLATION 42 U.S.C. § 1983 CLAIM FOR FALSE ARREST MUST BE DISMISSED ................................................. 8

D. PLAINTIFF'S COUNT II ALLEGING VIOLATION OF 42 U.S.C. § 1983 CLAIM FOR DUE PROCESS VIOLATION FOR ALLEGED CONCEALING OF EVIDENCE MUST BE DISMISSED ............................................................. 10

E. PLAINTIFF'S COUNT III ALLEGING VIOLATION OF 42 U.S.C. § 1983 CLAIM FOR MONELL LIABILITY MUST BE DISMISSED ......................... 12

F. PLAINTIFF'S COUNT IV ALLEGING MALICIOUS PROSECUTION MUST BE DISMISSED ................................................................................................. 15

G. PLAINTIFF'S COUNT V ALLEGING ABUSE OF PROCESS MUST BE DISMISSED ..................................................................................................... 16

H. PLAINTIFF'S COUNT VI ALLEGING DUE PROCESS VIOLATION BROUGHT UNDER 42 U.S.C. § 1983 FOR FAILURE TO INVESTIGATE MUST BE DISMISSED .......................................................................................... 17

I. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AGAINST THE COUNTY MUST BE DISMISSED ....................................................................................... 21

CONCLUSION ............................................................................................................. 22

# INTRODUCTION

This case arises from the criminal investigation and subsequent legal proceedings following the murder of Shirley Carter. The criminal investigation took place over a couple of years and included investigating numerous tips and potential suspects. *See generally* Second Amended Complaint. During the course of the investigation, Plaintiff Jason Carter became a person of interest in Shirley Carter's murder. *See id.* at ¶ 12. While the investigation was ongoing, Jason Carter's father, Bill, initiated a wrongful death action in state court against Plaintiff for the death of Shirley. *Id.* at ¶ 33. Following the trial, the jury entered judgment in Bill's favor, finding Jason Carter civilly liable for Shirley Carter's murder. *Id.* at ¶ 52.

After the civil trial had concluded, on December 16, 2017, an arrest warrant was issued for Jason Carter for the murder of Shirley Carter. *Id.* at ¶ 58. Jason Carter was subsequently taken into custody by Marion County law enforcement. *Id.* at ¶ 59. On December 22, 2017, the Marion County district court concluded there was probable cause to allow the criminal proceedings to move forward. Following the criminal trial, Jason Carter was acquitted by the jury on March 22, 2019. *Id.* at ¶ 474. Jason Carter has now filed this lawsuit against his father, Bill, as well as Marion County and two of the law enforcement officers involved in the criminal investigation, for numerous causes of action relating to the underlying criminal investigation, criminal trial, and civil trial.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss any complaint failing "to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6).  In order to survive a Rule 12(b)(6) motion, a Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  In ruling on a Rule 12(b)(6) motion, a district court must accept the factual allegations contained in the complaint as true.  *Iqbal*, 556 U.S. at 678.  However, legal conclusions and "formulaic recitation of the elements of a cause of action" may be properly set aside by the court.  *Id*.  In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim.  *Id*.  Consequently, plaintiffs are required to "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

Neither *Iqbal* nor *Twombly* changed the familiar axiom that when considering a Rule 12(b)(6) motion, all reasonable inferences are to be drawn in favor of the non-moving party.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009).  However, it is not reasonable to infer liability for the misconduct alleged if a Complaint merely "tenders naked assertions devoid of further factual enhancements" or makes allegations that only set forth "the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  Further, in evaluating the "calculus of plausibility" of the alleged conduct, the district court may draw upon its judicial experience and common sense, and may consider whether there are "more likely explanations" consistent with otherwise unactionable conduct.  *Id*. at 681.

## ARGUMENT

Plaintiff's Second Amended Complaint asserts the following claims against Defendants Marion County and Reed Kious ("Kious"):

i.   Count I: Violation of 42 U.S.C. § 1983 (False Arrest) (against Defendant Kious);

ii.  Count II: Violation of 42 U.S.C. § 1983 (Due Process Violation—Concealment of Evidence) (against Defendant Kious);

iii. Count III: *Monell* Claim (False Arrest) (against Defendant Marion County);

iv.  Count IV: Malicious Prosecution (against Defendant Kious);

v.   Count V: Abuse of Process (against Defendant Kious); and

vi.  Count VI: Violation of 42 U.S.C. § 1983 (Due Process Violation—Failure to Investigate) (against Defendant Kious).

Counts I, II, III, IV, and V of Plaintiff's Second Amended Complaint were included in Plaintiff's First Amended Complaint. Count VI is a new claim that was added in Plaintiff's Second Amended Complaint. In addition, Plaintiff has requested punitive damages against all Defendants, which was also included in the First Amended Complaint. As is explained below, each of Plaintiff's claims fail as a matter of law and must be dismissed.

## A. THE COURT CAN CONSIDER THE ARREST WARRANT AND RESULTING DECISION FROM THE CRIMINAL PROCEEDINGS UNDERLYING THIS ACTION

Ordinarily, under Rule 12(b)(6) motions, matters outside the pleadings are presented to the court, the court should treat the motion as being one for summary judgment, rather than as a motion to dismiss. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014). However, this rule is not absolute. The Eighth Circuit has held repeatedly that a court may consider materials outside the complaint itself on a motion to dismiss, without converting

the motion into one for summary judgment, if the materials relied upon are "necessarily embraced by the complaint." *Enervations, Inc. v. Minnesota Mining & Mfg., Co.*, 380 F.3d 1066 (8th Cir. 2004). Courts may also consider "some materials that are part of the public record or do not contradict the complaint…." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). "For example, courts may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Id.* (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

This includes consideration of court orders following preliminary hearings in underlying criminal actions to determine whether probable cause exists to support criminal charges. *Sands v. McCormick*, 502 F.3d 263, 268 (3rd Cir. 2007); *Dias v. Elique*, 276 Fed.Appx. 596, 2008 WL 1913358, at *2 (9th Cir. Apr. 30, 2008) (affirming district court's granting of Rule 12(b)(6) motion to dismiss based upon determination in underlying criminal action that probable cause existed to investigate plaintiff). It is also includes arrest warrants issued in the underlying criminal action. *Kennedy v. Peele*, 552 Fed.Appx. 787, 792 (10th Cir. 2014) (finding district court erred in not considering affidavit used to support warrant for plaintiff's arrest in underlying criminal action in Rule 12(b)(6) Motion to Dismiss); *Beacham v. Annerino*, 82 F.3d 420 (Table), 1996 WL 175079 (7th Cir. Apr. 11, 1996) ("The district court could properly take judicial notice of [arrest warrants from the underlying criminal proceedings] in deciding the motion to dismiss."); *Torres-Lopez v. Olivo-Miranda*, 478 F.Supp.2d 182, 188 (D.P.R. 2007) ("The Court takes judicial notice of the existence of a warrant in support of Plaintiff Torres' arrest."). Finally, it also incudes jury verdicts from underlying actions. *E.g. Kemin Foods, L.C. v. Pigmentos Vegetales del*

*Centro S.A. de C.V.*, 384 F.Supp.2d 1334, 1352 (S.D. Iowa 2005) ("The Court will first take judicial notice of the jury verdict and this Court's own post-trial determinations that the '714 and '564 patents are valid and enforceable.").

Here, these authorities make clear the Court can consider the arrest warrant issued against Jason Carter (attached hereto as Exhibit A), a transcript from the contested preliminary hearing from the underlying criminal case (attached hereto as Exhibit B), and the jury verdict—which shows that the criminal case was given to the jury to resolve (attached hereto as Exhibit C).

## B. PLAINTIFF'S SECOND AMENDED COMPLAINT IS A "SHOTGUN PLEADING" WHICH IS IMPERMISSIBLE UNDER FEDERAL RULE OF CIVIL PROCEDURE 8(a) AND (d)

As an initial matter, Plaintiff's Second Amended Complaint must be dismissed because it violates Federal Rule of Civil Procedure 8(a) and (d). These rules provide that a pleading must contain a "**short and plain** statement of the claim showing that the plaintiff is entitled to relief," and the allegations must be "**simple, concise,** and direct." Fed. R. Civ. P. 8(a) & (d) (emphasis added). Plaintiff's Second Amended Complaint—which contains 495 paragraphs—is a "shotgun pleading" and contains "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Sagez v. Glob. Agr. Invs., LLC*, No. 11-CV-3059-DEO, 2015 WL 1647921 at *4 (N.D. Iowa Apr. 14, 2015).

"Shotgun pleadings violate Rule 8's requirement to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" and are "especially

problematic when pleading numerous causes of actions with substantially different elements." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 (11th Cir.1998) (urging district courts to intervene and prohibit shotgun pleadings, and explaining a 173-pargraph complaint's "general allegations operated as camouflage, obscuring the material allegations of [plaintiff's] claims and necessarily implying that all the allegations were material to each claim.").

Accordingly, Plaintiff's Second Amended Complaint is improper and must be dismissed.

## C. PLAINTIFF'S COUNT I ALLEGING A VIOLATION 42 U.S.C. § 1983 CLAIM FOR FALSE ARREST MUST BE DISMISSED

Plaintiff brings his 42 U.S.C. § 1983 claim for false arrest against Kious.[1] The law is clear that a claim for false arrest, brought under 42 U.S.C. § 1983, fails as a matter of law if the officer had probable cause to make the arrest, because such an arrest is not in violation of the Fourth Amendment. *Rose v. City of Mulberry*, 533 F.3d 678, 680 (8th Cir. 2008); *Anderson v. Larson*, 327 F.3d 762, 770 (8th Cir. 2003); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). "Probable cause exists if 'the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed ... an offense' at the time of the arrest." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1264 (8th Cir. 1996) (quoting *Hannah v. City of Overland,*

---

[1] Plaintiff's Second Amended Complaint makes clear that Defendant Kious was not responsible for requesting the warrant for Plaintiff's arrest or for actually arresting Plaintiff. *See* Second Amended Complaint, ¶¶ 58-59, 61.

*Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986)).  In other words, the standard is "the probability, and not a prima facie showing, of criminal activity" for whether probable cause exists.  *Id.*

Here, Plaintiff's claim must fail because there was probable cause to arrest Plaintiff. As Plaintiff makes clear in his Complaint, Plaintiff was acquitted of the criminal charges filed against him on March 22, 2019, which clearly indicates the acquittal was decided by a jury.  Second Amended Complaint, ¶ 474; *see also* Exhibit C.  However, in order for the criminal trial to have reached the jury, there would have been several instances in which the Court—a neutral third-party—determined that probable cause did exist to allow the criminal case to proceed.  This occurred in the underlying case when the judge issued the Arrest Warrant for Jason Carter on December 16, 2017, which explicitly stated:

> [ X ] A Complaint having been filed, **the Court finds probable cause** to believe that the offense(s) set forth in the complaint have been committed and the defendant committed said offense.

Ex. A (emphasis added).  It happened again on December 22, 2017 when the district court issued its Order Following Preliminary Hearing, in which the court stated:

> Based upon the substantial evidence presented, **the Court finds there is probable cause** to believe that the offense alleged in the complaint has been committed and that the Defendant committed it.

Ex. B (emphasis added).  Finally, it happened a third time when, following both sides' presentation of their respective cases, the Court concluded that there was sufficient evidence to submit the issue to the jury.  *See* Ex. C.  Each of these instances show that probable cause was found to exist at numerous instances during the criminal proceedings. Accordingly, probable cause existed to arrest and try Plaintiff for the murder of Shirley

Carter and Plaintiff's Count I false arrest claim pursuant to 42 U.S.C. § 1983 must be dismissed.

### D. PLAINTIFF'S COUNT II ALLEGING VIOLATION OF 42 U.S.C. § 1983 CLAIM FOR DUE PROCESS VIOLATION FOR ALLEGED CONCEALING OF EVIDENCE MUST BE DISMISSED

Plaintiff brings his 42 U.S.C. § 1983 claim for Due Process violation for alleged concealment of evidence against Kious. Plaintiff bases his claim on Kious's actions from the underlying **civil** action. Second Amended Petition, ¶¶ 448–460. Plaintiff's claim must be dismissed against Defendant Kious because the Second Amended Complaint states that only DCI was served with a subpoena during the underlying civil case. No such request was ever made to Defendant Kious. As such, Plaintiff has failed to state a claim against Defendant Kious. In addition, Plaintiff's claim must also be dismissed because there is no constitutional violation for failing to turn over exculpatory evidence. Defendant Kious will address each argument in turn.

First, Plaintiff's claim fails because the Second Amended Complaint contains no allegations that Defendant Kious was ever served with a subpoena to provide exculpatory evidence to Plaintiff in the underlying action. Rather, only DCI was served with a subpoena. *See* Second Amended Complaint, ¶¶ 35, 37, 40–42. As such, Plaintiff has failed to plead facts to show that Defendant Kious intentionally failed to provide exculpatory evidence to Plaintiff in the underlying civil case, and must be dismissed.

Second, even if Defendant Kious was requested to provide exculpatory evidence to Plaintiff in the underlying case, Plaintiff's claim still must be dismissed. Under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), it is a violation of the Due

Process Clause for a prosecutor **in a criminal case** to suppress evidence that is favorable

to an accused, irrespective of good faith or bad faith. 373 U.S. at 87. Plaintiff's claim that

Kious's alleged failure to turn over exculpatory evidence is seeking to have the Court apply

a *Brady* requirement to civil actions. However, "courts have only in rare instances found

*Brady* applicable in civil proceedings, mainly in those unusual cases where the potential

consequences 'equal or exceed those of most criminal convictions.'" *Fox ex rel. Fox v.*

*Elk Run Coal Co., Inc.*, 739 F.3d 131, 138–39 (4th Cir. 2014) (quoting *Demjanjuk v.*

*Petrovsky*, 10 F.3d 338, 354 (6th Cir. 1993)). In other words, courts only extend *Brady* to

civil cases in cases where "a person's liberty is at stake." *Kashem v. Barr*, 941 F.3d 358,

387 (9th Cir. 2019). The District Court for the District of Columbia explained the limited

scenarios in which *Brady* was applied to civil cases, stating the extension had only occurred

in cases involving: 1) a Nazi war criminal was facing denaturalization and extradition in

which the extradition would cause the individual to face trial on a charge carrying the death

penalty; 2) civil commitment proceedings; and 3) when the government engaged in

pleading a "skeleton complaint" in employment discrimination case and refused to provide

any meaningful details to show defendant what it was accused of doing, making it

impossible for defendant to defend against the allegations. *Brodie v. Dept. of Health and*

*Human Srvs.*, 951 F.Supp.2d 108, 118–19 (D. D.C. 2013) (citing *Demjanjuk*, 10 F.3d (Nazi

war criminal case); *United States v. Edwards*, 777 F.Supp.2d 985 (E.D.N.C. 2011) (civil

commitment proceedings); *EEOC v. Los Alamos Constructors*, 382 F.Supp. 1373 (D.N.M.

1974) ("skeleton complaint" tactics).

Here, the underlying civil action was a wrongful death action. Thus, the exception to the general rule that *Brady* does not apply to civil claims is not applicable in this case, because Plaintiff's "liberty" was not at issue. *Kashem*, 941 F.3d at 387. Instead, the civil action only sought monetary damages. Accordingly, Plaintiff's Count II must be dismissed as the Due Process Clause did not require the alleged exculpatory evidence be given to Plaintiff in the civil action. *Fox ex rel. Fox*, 739 F.3d at 138–39.

### E. PLAINTIFF'S COUNT III ALLEGING VIOLATION OF 42 U.S.C. § 1983 CLAIM FOR MONELL LIABILITY MUST BE DISMISSED

Plaintiff brings his 42 U.S.C. § 1983 claim for *Monell* liability against the County. There are three separate ways an individual can pursue a *Monell* claim against a defendant. Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Plaintiff's Second Amended Complaint appears to allege claims under each of these three categories. *See* Second Amended Complaint, ¶¶ 461–470.

Taking each type of claim in turn, in order to bring a *Monell* claim under the "official municipal policy," Plaintiff must show "the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 390 (8th Cir. 2007). To succeed in a *Monell* claim due to a governmental entity's "custom", Plaintiff must show:

> 1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Thelma D. By and Through Delores A v. Bd. of Educ. Of City of St. Louis*, 934 F.2d 929, 932–33 (8th Cir. 1991).  Finally, in regards to the deliberate indifference in failure to train, Plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Regardless of the category alleged, a *Monell* claim requires that Plaintiff allege sufficient facts showing that the action alleged is not simply a single occurrence, but rather, is consistent with a widespread history of behavior.  *See Thelma D.*, 934 F.2d at 932–33 (requiring a showing of a "widespread, persistent pattern of unconstitutional conduct" to set forth a prima facie *Monell* claim based upon a custom); *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991) ("Generally, an isolated incident of police misconduct by subordinate officers is insufficient to establish municipal policy or custom. By the same token, a single deviation from a written, official policy does not prove a conflicting custom or usage"); *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." (quoting *Board of Cnty. Com'rs. of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 409 (1997))).

Here, Plaintiff fails to provide any facts in his Second Amended Complaint showing that the allegations extend beyond the single instance involving Plaintiff, other than

providing simply conclusory allegations that the County had system-wide failures in regards to training and its policies and procedures. *See* Second Amended Complaint, ¶¶ 462–70. Indeed, Plaintiff makes no allegations that any other person has been allegedly harmed by similar conduct. Merely providing conclusory statements is not sufficient to establish a *Monell* claim. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Ulrich v. Pope Cnty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights); *see also Spiller v. City of Texas City, Police Dept*., 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation...cannot be conclusory; it must contain specific facts."). Plaintiff's Count III must be dismissed.

## F. PLAINTIFF'S COUNT IV ALLEGING MALICIOUS PROSECUTION MUST BE DISMISSED

Plaintiff bases his malicious prosecution claim on the underlying criminal action in which Plaintiff was acquitted. In order to set forth a claim for malicious prosecution, Plaintiff must show:

> (1) a previous prosecution; (2) instigation of that prosecution by the defendant, (3) termination of that prosecution by acquittal or discharge of the plaintiff, (4) want of probable cause, (5) malice on the part of [the] defendant for bringing the prosecution, and (6) damage to [the] plaintiff.

*Wilson v. Hayes*, 464 N.W.2d 250, 259 (Iowa 1990) (quoting *Royce v. Hoening*, 423 N.W.2d 198, 200 (Iowa 1988)). In order to prove malice, Iowa courts require a showing

that the defendant acted with an improper purpose in bringing about the criminal action. *Wilson v. Lapham*, 195 N.W. 235 (Iowa 1923) ("To constitute malice there must have been an improper motive or purpose."); *Schneider v. Rodgers*, 752 N.W.2d 33 (Table), No. 07-0471, 2008 WL 508481 (Iowa Ct. App. Feb. 27, 2008) ("The remedy's primary purpose is to provide relief in those cases in which a plaintiff brings a meritless suit and has an improper motive for bringing it.").

Plaintiff's claim fails because Plaintiff cannot satisfy the "want of probable cause" requirement. In order for the criminal trial to have reached the jury (which Plaintiff plead that it did), there were several instances in which the Court—a neutral third-party—determined that probable cause did exist to allow the criminal case to proceed. As was explained above, probable cause was found to exist at numerous points during the underlying criminal action. *See* Exs. A, B, and C. Accordingly, Plaintiff cannot satisfy one of the necessary elements—want of probable cause. Plaintiff's Count IV must be dismissed.

### G. PLAINTIFF'S COUNT V ALLEGING ABUSE OF PROCESS MUST BE DISMISSED

Plaintiff brings his abuse of process claim against Kious. Plaintiff alleges three different grounds for the claim: 1) Kious's alleged role in causing the civil action to be brought against Plaintiff; 2) Kious's alleged failure to turn over exculpatory evidence to Plaintiff; and 3) Kious's involvement in arresting Plaintiff. To set forth a claim for abuse of process, Plaintiff must show: 1) the use of a legal process; 2) its use in an improper or unauthorized manner; and 3) she suffered damages as a result of the abuse. *Fuller v. Loc.*

*Union No. 106 of the United Bhd. of Carpenters & Joiners of Am.*, 567 N.W.2d 419, 421-22 (Iowa 1997).

"Abuse of process . . . is the intentional use of legal process for an improper purpose incompatible with the lawful function of the process by one with an ulterior motive in doing so. . . .The improper use which is the essence of the tort is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself, and is . . . a form of extortion in which a lawfully used process is perverted to an unlawful use." *Sarvold*, 237 N.W.2d at 449 (citations omitted) (internal quotations omitted). Abuse of process differs from malicious prosecution in that an abuse of process claim may exist even when the plaintiff of the underlying suit had probable cause and was ultimately successful (*i.e.*, no malicious prosecution). *Wilson v. Hayes*, 464 N.W.2d 250, 266 (Iowa 1990).

"One who uses a legal process…against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm cause by the abuse of process." *Grell v. Poulsen*, 389 N.W.2d 661, 663 (Iowa 1986) (quoting Restatement (Second) of Torts § 682 (1977)). "The significance of [the] word [primarily] is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose or benefit." *Id.* (quoting Restatement (Second) of Torts § 682). "For abuse of process to occur there must be use of that process for an immediate purpose other than that for which it was designed and intended. The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it." *Id.* (quoting Restatement (Second) of Torts § 682).

Here, no such showing can be made, as Defendants had a legitimate reason for pursuing criminal charges against Plaintiff. As stated above, there were numerous instances during the criminal trial when the district court—a neutral third party—found there to be probable cause to pursue the charges. As was explained above, probable cause was found to exist at numerous points during the underlying criminal action. *See* Exs. A, B, and C. Accordingly, the criminal proceedings were not brought for an improper purpose, and therefore, Plaintiff's Count V must be dismissed.

## H. PLAINTIFF'S COUNT VI ALLEGING DUE PROCESS VIOLATION BROUGHT UNDER 42 U.S.C. § 1983 FOR FAILURE TO INVESTIGATE MUST BE DISMISSED

Plaintiff brings his claim for Due Process Violation brought under 42 U.S.C. § 1983 for Failure to Investigate against Defendant Kious. A government official's failure to investigate may violate the Due Process Clause of the Fourteenth Amendment. *Akins v. Epperly*, 588 F.3d 1178, 1183–84 (8th Cir. 2009) (citing *Wilson v. Lawrence County*, 260 F.3d 946, 955–57 (8th Cir. 2001)). A plaintiff establishes such a violation by showing "that each individual defendant 'intentionally or recklessly failed to investigate, thereby shocking the conscience,'" which is a question of law. *Johnson v. Moody*, 903 F.3d 766, 773 (8th Cir. 2018) (quoting *Akins*, 260 F.3d at 1184). The shocks-the-conscience standard is a "rigorous" one: a "negligent failure to investigate inconsistencies or other leads" is not "conscience-shocking misconduct." *Id.* (citing *Akins*, 260 F.3d at 1184). The following three circumstances show intentional or reckless failure to investigate that shocks the conscience: "(1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposefully ignored evidence suggesting the defendant's

innocence, [and] (3) evidence of systematic pressure to implicate the defendant in the face of contrary evidence." *Id.* (citing *Akins*, 260 F.3d at 1184); *Folkerts v. City of Waverly*, 707 F.3d 975, 981 (8th Cir. 2013).

"The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." The Eighth Circuit has made clear that an officer cannot be held liable for choosing to believe certain witnesses or for choosing not to discount evidence that did not fit with other evidence obtained. *Winslow v. Smith*, 696 F.3d 716, 734 (8th Cir. 2012).

Case law from the Eighth Circuit provides guidance on determining when an investigator's conduct rises to the level of being a constitutional violation. *See e.g.*, *id.* (reversing grant of summary judgment on failure to investigate claim because officers began coaching witnesses to provide false testimony to convict plaintiff); *Wilson v. Lawrence Cnty.*, 260 F.3d 946, 957 (8th Cir. 2001) (affirming denial of summary judgment on failure to investigate claim when officers failed to investigate other leads despite only evidence being a confession from plaintiff—who had limited intelligence and mental capacities—that officers had knowingly obtained through coercive interrogation methods); *Akins*, 588 F.3d at 1184 (in noting that officers did not engage in any improper means of attempting to generate evidence against plaintiff, finding plaintiff's claim for failure to investigate failed in case where officers' investigation resulted in flawed evidence and

where officers negligently failed to investigate leads and inconsistencies in the evidence); *Clemmons v. Armontrout*, 477 F.3d 962, 966 (8th Cir. 2007) (in case where plaintiff had murder conviction and death sentence overturned, finding no constitutional violation for failure to investigate when officer failed to investigate another suspect named by an eyewitness shortly after the murder occurred); *see also Furgison v. Short*, 2:14-cv-04062-NKL, 2015 WL 4877539, at *29 (W.D. Mo. Aug. 14, 2015) (denying summary judgment on failure to investigate claim when officers coached witness into providing false testimony in effort to convict plaintiff).

In support of this claim, Plaintiff references two interviews conducted by Defendant Kious in which Kious allegedly "threatened and/or coerced" the two witnesses and makes claims that Kious failed to investigate leads that may have resulted in exculpatory evidence. Neither of these claims is sufficient. First, in regards to the interviews, the Second Amended Complianti is completely devoid of any facts that Defendant Kious attempted to coerce either witness into providing false testimony in order to convict Plaintiff. Further, Plaintiff makes no allegations that Defendant Kious threatened to take any action against either witness if they refused to change their statements. This case is a far cry from one where courts have permitted claims for constitutional violations for failure to investigate to proceed. *See Winslow*, 696 F.3d at 734; *Wilson*, 260 F.3d at 957; *Furgison*, 2015 WL 4877539, at *29; *see also White v. Smith*, 808 F.Supp.2d 1174 (D. Neb. 2011) (finding claim for failure to investigate could proceed because evidence showed officers had threatened witness with electrocution in order to get witness to cooperate with investigation). At most, Plaintiff's allegations show only that Defendant Kious did not

believe these witness's statements.  However, officers are not liable for decisions based upon whether to believe a certain witness, and indeed, officers are not liable for choosing not to pursue leads that does not fit with the other evidence gathered.  *Winslow*, 696 F.3d at 734.  Plaintiff cannot assert a claim against Defendant Kious on this ground.

Second, in regards to Plaintiff's claim that Defendant Kious intentionally failed to follow up leads, the issue with this argument is that it completely ignores that there were several instances in which probable cause was found to exist the criminal charges brought against him.  *See* Exs. A, B, and C.  These determinations were made at numerous different times during the criminal proceedings, including during trial, when the judge determined that there was sufficient evidence to submit the case to the jury for deliberations.  *See id*. There is no requirement that law enforcement undertake every single possible effort to exonerate a suspect.  *Baker*, 443 U.S. at 145; *see also Winslow*, 696 F.3d at 734 (stating officers are not liable for discounting evidence that does not fit with the other evidence in the case).  While Plaintiff was ultimately found not guilty at trial, the fact remains that the investigation into Shirley Carter's murder revealed sufficient evidence to justify arresting and trying Plaintiff for the murder.  Defendant Kious' investigation did not run afoul with the Due Process Clause.

Plaintiff's Count VI must be dismissed.

## I. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AGAINST THE COUNTY MUST BE DISMISSED

As explained above, each of Plaintiff's claims against the County and Kious fail as a matter of law and must be dismissed.  As such, Plaintiff's claims for punitive damages

must also be dismissed. However, in the event that the Court does not dismiss all claims brought against the County, the Court dismiss Plaintiff's claims for punitive damages against the County. Iowa Code § 670.4(1)(e) expressly provides that a municipality shall be immune from liability for "any claim for punitive damages." Iowa Code § 670.4(1)(e); s*ee also Baldwin v. City of Estherville*, 929 N.W.2d 691, 698–99 (Iowa 2019) (holding that Iowa Code § 670.4(1)(e) "precludes an award of punitive damages against the municipality that employed the constitutional tortfeasor."). Accordingly, Plaintiff's claim for punitive damages against the County must be dismissed.

<u>CONCLUSION</u>

For the reasons set forth above, the Defendants, Marion County, Iowa and Reed Kious, Marion County Sheriff in his individual capacity, respectfully request the Court dismiss Plaintiff's Second Amended Complaint in its entirety.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: ___*/s/ Jason C. Palmer*_____
        Jason C. Palmer  AT0006089
        801 Grand Avenue, Suite 3700
        Des Moines, IA  50309-2727
        Phone:  (515) 243-4191
        Fax:  (515) 246-5808
        E-Mail:  palmer.jason@bradshawlaw.com

        ATTORNEY FOR MARION COUNTY, IOWA;
        REED KIOUS, Marion County Deputy Sheriff in his
        individual capacity;

Original filed.

Copy to:

Glen S. Downey
**LAW OFFICES OF GLEN S. DOWNEY**
5214 Ingersoll Avenue
Des Moines, IA 50312
Tel: (412) 865-7110
Fax: (515) 259-7599
glen@downey-law.net

Christine E. Branstad
**BRANSTAD & OLSON LAW OFFICES**
2501 Grand Ave. Suite A
Des Moines, IA 50312
Telephone: (515) 224-9595
Facsimile: (515) 281-1474
Email: Branstad@BranstadLaw.com

Alison F. Kanne
**WANDRO & ASSOCIATES, P.C.**
2501 Grand Ave. Suite B
Des Moines, IA 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
Email: akanne@2501grand.com

ATTORNEYS FOR PLAINTIFF

Mark E. Weinhardt
David N. Fautsch
**THE WEINHARDT LAW FIRM**
2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: mweinhardt@weinhardtlaw.com
        dfautsch@weinhardtlaw.com

ATTORNEYS FOR DEFENDANT BILL GENE CARTER

Jeffrey C. Peterzalek
Tessa Register
**OFFICE OF THE ATTORNEY GENERAL OF IOWA**
1305 E. Walnut Street
Des Moines, IA 50309

Telephone: (515) 281-5164
E-mail: jeffrey.peterzalek@ag.iowa.gov
          Tessa.Register@ag.iowa.gov

ATTORNEYS FOR DEFENDANT MARK LUDWICK

---

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 11th of June, 2020 by:

☐ U.S. Mail               ☐ FAX
☐ Hand Delivered      ☐ UPS
☐ Federal Express      ☒ Other: EFILE

/s/ Linda Righi

**EXHIBIT A**

RECEIVED
IA STATE PATROL COMM

17 DEC 16  21 ˸ 01

ARREST WARRANT

State of Iowa

County of Marion

ORIG. AGENCY: Iowa Division of Criminal Investigation  ICIS CASE NO.

AGENCY CASE NO. : 2015-0033621

CRIMINAL CHARGE: MURDER IN THE FIRST

DEGREE

*Defendant's Physical Description*

OFFENSE LEVEL:   Class A Felony

EYES:   BLUE

HAIR:   BLACK

CODE SECTION 707.2

HT:     5' 11"

WT:     220

Date Warrant Issued: 12/16/2017

SEX:    MALE

RACE:   WHITE

DEFENDANT'S NAME:  Jason G. Carter

DEFENDANT'S ADDRESS: 960 115th Place, Knoxville, Iowa 50138

Social Security Number: ███████          Date of Birth: ███████

For More Information, Contact: Department of Criminal Investigation: Mark Ludwick, 515-577-3213

TO ANY PEACE OFFICER OF THE STATE:

[ X ] A Complaint having been filed, the Court finds probable cause to believe that the offense(s) set forth in the complaint have been committed and the defendant committed said offense.

***You are commanded forthwith to arrest said defendant and take him before nearest, most accessible magistrate without unnecessary delay pursuant to Section 804.21 of the Iowa Criminal Code.***

***[x] Bail is set at 1,000,000.00 Cash Only***

***Unsecured appearance bond is [  ] acceptable [ ] unacceptable***

***Ten Percent deposit [ ] acceptable [ ] unacceptable***

SO ORDERED:

*Martha L. Mery*

Judge – District Court Judge

CANCELLED

DEC 1 7 2017

ENTERED

DEC 1 6 2017

IOWA STATE PATROL COMMUNICATIONS
DES MOINES

IOWA STATE PATROL COMMUNICATIONS
DES MOINES

EXHIBIT B

**IN THE IOWA DISTRICT COURT FOR MARION COUNTY**

| | |
|---|---|
| **STATE OF IOWA**<br>    **Plaintiff,**<br><br>   **vs.**<br>**JASON G CARTER ,**<br>    **Defendant**<br><br>JASON G CARTER<br>960 115TH PLACE<br>KNOXVILLE IA 50138 | 05631  FECR029316<br><br><br>ORDER<br><br>FOLLOWING PRELIMINARY HEARING |

Preliminary hearing was held this date. The State appeared by Marion County Attorney Ed Bull. The Defendant appeared in person and was represented by attorneys Christine Branstad and Grant Woodard.

Based upon the substantial evidence presented, the Court finds there is probable cause to believe that the offense alleged in the complaint has been committed and that the Defendant committed it.

IT IS THEREFORE ORDERED that the Defendant shall be held to answer in further proceedings in this matter.

SO ORDERED this 12/22/17.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



State of Iowa Courts

**Case Number**     **Case Title**
FECR029316          STATE OF IOWA VS CARTER, JASON GENE
**Type:**           OTHER ORDER

So Ordered

*Dustria G. Relph*
_____
Dustria A. Relph, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2017-12-22 12:28:02

IN THE IOWA DISTRICT COURT IN AND FOR MARION COUNTY

STATE OF IOWA,        :

      Plaintiff,        :     NO. FECR029316

   v.        :     FORMS OF VERDICT

JASON GENE CARTER,        :

      Defendant.      __ : __

## First Degree Murder
(Select <u>ONE</u> of Verdict Forms 1 or 2)

FORM OF VERDICT NO. 1:

    We, the jury, find Jason Carter not guilty.

*Sara Dailey*

    **FOREPERSON**

FORM OF VERDICT NO. 2:

    We, the jury, find Jason Carter guilty of Murder in the First Degree.

    **FOREPERSON**