IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

JASON CARTER,

    Plaintiff,

vs.

MARK D. LUDWICK, Agent of
Iowa Dep't of Criminal Investigation, in his
Individual capacity; MARION COUNTY,
IOWA; REED KIOUS, Marion County
Deputy Sheriff, in his individual capacity; and
BILLY GENE CARTER,

    Defendants.

4-19-CV-401-CRW-CFB

ORDER

Plaintiff Jason Carter has filed a six-count second amended complaint, asserting in each count claims against some of or all the defendants. Counts I, II, III, and VI assert false arrest and due process claims brought pursuant to 42 U.S.C. section 1983. Count IV (malicious prosecution) and Count V (abuse of process) are brought under Iowa State law.

On August 11, 2020, the court held oral argument on the defendants' resisted motions to dismiss (Dkt. #31, 32, 33). The Court now grants the motions. Although matters outside the pleadings have been presented to the Court, the Court has not converted these motions to summary judgment motions, concluding that the materials—including, for example, an arrest warrant, a court transcript, and a jury verdict— are "necessarily embraced by the complaint." See Enervations, Inc. v. 3M, 380 F.3d 1066, 1069 (8th Cir. 2004).

Plaintiff Jason Carter's claims in this federal lawsuit arise from two Iowa district court trials, one a civil case presently on appeal in which a jury awarded defendant Billy Gene Carter a large judgment against Jason Carter for causing the death of Jason's mother, Billy Gene's wife; the other a criminal murder trial resulting in the jury's acquittal of Jason Carter.

The Court concludes that plaintiff Jason Carter seeks in this action to undermine the Iowa civil judgment against him.

Every theory for recovery pleaded by plaintiff in this federal lawsuit has been raised or could have been raised by him in the Iowa trials, so in essence, he is asking this federal court to cancel the Iowa civil judgment against him. A federal district court has no federal jurisdiction over cases like this brought by state-court losing parties, like Jason Carter, to defeat a State court judgment rendered prior to the federal lawsuit. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)(explaining the Rooker-Feldman doctrine that federal district courts are precluded from exercising subject-matter jurisdiction in cases seeking review and rejection of state court judgments).

This Court lacks subject-matter jurisdiction over this lawsuit, now dismissed with prejudice, at plaintiff's cost.

IT IS SO ORDERED.

Dated this 26th day of August, 2020.

*Charles R Wolle*
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT