**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JASON CARTER,<br><br>Plaintiff,<br><br>MARK LUDWICK, Agent of Iowa Department of Criminal Investigation, in his individual capacity;<br><br>MARION COUNTY, IOWA;<br><br>REED KIOUS, Marion County Deputy Sheriff, in his individual capacity; and<br><br>BILLY GENE CARTER,<br><br>Defendants. | No. 4:19-cv-00401<br><br><br><br>**PLAINTIFF'S MOTION TO TEMPORARILY STAY PROCEEDINGS** |

COMES NOW Plaintiff Jason Carter, by and through undersigned counsel, and for his Motion to Temporarily Stay Proceedings states:

1. On August 27, 2020, this Court entered an order dismissing all of Plaintiff's claims.

2. On September 25, 2020, Plaintiff timely filed a notice of appeal.

3. From September 2020 through July 21, 2021, Plaintiff and Defendants filed written briefs in support of their respective arguments on appeal with the Eighth Circuit Court of Appeals.

4. On July 21, 2021, the Eighth Circuit Court of Appeals entered an order affirming this Court's dismissal of Count III of Plaintiff's Second Amended Petition, but reversing and remanding the remaining claims to this Court.

5. There is some dispute between the parties as to what the Eighth Circuit intended by the language used in its order remanding those surviving counts to this Court.

6. In its order, the Eighth Circuit affirmed dismissal of Count III of the Second

Amended Petition, "reverse[d] the dismissal of [Plaintiff's] remaining claims, and remand[ed] the district court to consider those claims in the first instance." *See* Exhibit A at 2 (July 21, 2021 Ruling).

7. On July 23, 2021, Plaintiff filed a Petition for Limited Rehearing in the Eighth Circuit. *See* Exhibit B (July 23, 2021 Petition for Rehearing). The basis for Plaintiff's Petition for Rehearing follows.

8. In their brief to the Eighth Circuit, Defendants encouraged the Eighth Circuit to affirm this Court's dismissal of all of Plaintiff's claims on 12(b)(6) grounds as well as the *Rooker-Feldman* Doctrine.

9. The Eighth Circuit clearly considered Defendants' 12(b)(6) arguments for Count III because it affirmed the dismissal of Count III by finding that Jason "did not allege a pattern of unconstitutional conduct in claiming that the county failed to adequately train or supervise one of its officers." Exhibit A at 1-2.

10. It is Plaintiff's position that the Eighth Circuit must have, therefore, also considered Defendants' 12(b)(6) arguments for the surviving counts, but dismissed those counts based on Rooker-Feldman after having also considered Defendants' 12(b)(6) arguments. The July 21, 2021 ruling, however, does not state whether the Eighth Circuit also considered Defendants' 12(b)(6) arguments in remanding the surviving counts.

11. Based on the July 21, 2021 ruling, Plaintiff believes that the remaining counts have been remanded to this Court to move forward. Defendants, however, believe that the Eighth Circuit reversed and remanded to this Court to consider the 12(b)(6) aspects of Defendants' motion to dismiss.

12. As stated to the Eighth Circuit in Plaintiff's Petition for Limited Rehearing, the best

and most efficient way for the parties to determine what the Eighth Circuit intended by its July 21, 2021 ruling is to ask the Eighth Circuit. Plaintiff has requested that the Eighth Circuit clarify whether it remanded the surviving counts to this Court to move forward, past the motion to dismiss stage, or whether it remanded the surviving counts to the district court for the district court to consider the 12(b)(6) aspects of Defendants' motion to dismiss.

13. Plaintiff requests that this Court stay proceedings until the Eighth Circuit has either issued an order clarifying its July 21, 2021 order or an order stating it will not clarify its July 21, 2021 order.

14. It would be a waste of time and judicial resources to argue about what the Eighth Circuit meant in front of this Court while the Eighth Circuit has before it a Petition asking the same question. The Eighth Circuit is best positioned to state what it meant by its July 21, 2021 Order.

WHEREFORE, Plaintiff respectfully requests that this Court stay proceedings until such time as the Eighth Circuit has issued an order on Plaintiff's Petition for Limited Rehearing.

Respectfully submitted,

*/s/ Alison F. Kanne*
Alison F. Kanne       AT0013262
WANDRO & ASSOCIATES, P.C.
2501 Grand Ave. Suite B
Des Moines, IA 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
Email: akanne@2501grand.com

*/s/ Glen S. Downey*
Glen S. Downey       AT0012428
LAW OFFICES OF GLEN S. DOWNEY
5214 Ingersoll Ave.
Des Moines, IA 50312
Telephone: (412) 865-7110
Facsimile: (515) 259-7599
Email: glen@downey-law.net

>*/s/ Christine E. Branstad*
>Christine E. Branstad  AT0001125
>BRANSTAD & OLSON LAW OFFICES
>2501 Grand Ave. Suite A
>Des Moines, IA 50312
>Telephone: (515) 224-9595
>Facsimile: (515) 281-1474
>Email: Branstad@BranstadLaw.com
>
>ATTORNEYS FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record on July 23, 2021 via CM/ECF.

>*/s/ Alison F. Kanne*

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 21, 2021

Ms. Alison Florence Kanne
WANDRO & ASSOCIATES
Suite B
2501 Grand Avenue
Des Moines, IA  50312-0000

RE:  20-3042  Jason Carter v. Mark Ludwick, et al

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

MVP

Enclosure(s)

cc:   Ms. Christine Ellen Branstad
      Mr.  Clerk, U.S. District Court, Southern Iowa
      Mr. Glen S. Downey
      Mr. Benjamin R. Erickson
      Mr. David N. Fautsch
      Mr. Jason Palmer
      Mr. Jeffrey C. Peterzalek
      Ms. Tessa Margaret Register
      Mr. Mark E. Weinhardt

EXHIBIT A

District Court/Agency Case Number(s):   4:19-cv-00401-CRW

United States Court of Appeals

For the Eighth Circuit

_____

No. 20-3042
_____

Jason Carter

*Plaintiff - Appellant*

v.

Mark D. Ludwick, Agent of Iowa Department of Criminal Investigation, in his individual capacity; Marion County, Iowa; Reed Kious, Marion County Deputy Sheriff in his individual capacity; Billy Gene Carter

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: July 16, 2021
Filed: July 21, 2021
[Unpublished]

_____

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

    Iowa resident Jason Carter appeals the district court's dismissal, for lack of subject matter jurisdiction, of his 42 U.S.C. § 1983 action. Upon careful review, we conclude that the district court did not err in dismissing Count 3, as Carter did not

allege a pattern of unconstitutional conduct in claiming that the county failed to adequately train or supervise one of its officers. See Connick v. Thompson, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." (citation omitted)); Fullington v. Pfizer, Inc., 720 F.3d 739, 747 (8th Cir. 2013) ("[W]e can 'affirm the district court's dismissal on any basis supported by the record.'" (citation omitted)).

We conclude, however, that the district court erred in finding that it lacked subject matter jurisdiction over the remaining claims under the Rooker-Feldman doctrine,[1] as they did not arise from the state civil judgment. The Rooker-Feldman doctrine precludes district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, Counts 1, 4, and 6 arose from the criminal investigation and prosecution of Carter, which culminated in his acquittal; and Counts 2 and 5—although they claimed defendants abused the discovery process in the civil action—did not imply that any state court orders were invalid. See MSK EyEs, LTD v. Wells Fargo Bank, Nat'l Ass'n, 546 F.3d 533, 539 (8th Cir. 2008) (recognizing that this Court has "distinguished claims attacking the decision of a state court from those attacking an adverse party's actions in obtaining and enforcing that decision"); see also McCormick v. Braverman, 451 F.3d 382, 392-94 (6th Cir. 2006) (Rooker-Feldman bars claims alleging injury arising from state court judgment itself; where plaintiff raised abuse-of-process and fraud claims arising from defendants' actions, not state-court judgment itself, claims were independent and outside scope of Rooker-Feldman).

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

Accordingly, we affirm the dismissal of Count 3, reverse the dismissal of Carter's remaining claims, and remand for the district court to consider those claims in the first instance.

_____

No. 20-3042

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

----------------◆----------------

Jason Carter,
Plaintiff-Appellant,

v.

Mark D. Ludwick, et al.,
Defendants-Appellees.

----------------◆----------------

*APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA*
No. 4-19-CV-401-CRW-CFB, Hon. Charles L. Wolle

----------------◆----------------

**PETITION FOR LIMITED PANEL REHEARING**

----------------◆----------------

| | | |
|---|---|---|
| Alison F. Kanne | Christine E. Branstad | Glen S. Downey |
| WANDRO & ASSOCIATES, P.C. | Nathan A. Olson | LAW OFFICES OF |
| 2501 Grand Ave. Suite B | BRANSTAD & OLSON | GLEN S. DOWNEY |
| Des Moines, IA 50312 | 2501 Grand Ave. Suite A | 5214 Ingersoll Ave. |
| (515) 281-1475 | Des Moines, IA 50312 | Des Moines, IA50312 |
| Akanne@2501grand.com | (515) 224-9595 | (412) 865-7110 |
| | Branstad@BranstadLaw.com | glen@downey-law.net |
| | Olson@BranstadLaw.com | |

1             EXHIBIT B

## **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………..2

TABLE OF AUTHORITIES ……………………………………………………3

JURISDICTIONAL STATEMENT……………………………………………..4

STATEMENT OF ISSUE PRESENTED FOR REVIEW …………………………...5

STATEMENT OF THE CASE…………………………………………………….6

PETITION FOR LIMITED REHEARING…………………………………...7

# TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. 1294(1)……………………………………………………………….4

28 U.S.C. § 1331……………………………………………………………….....4

28 U.S.C. § 1343………………………………………………………………....4

28 U.S.C. § 1367………………………………………………………………....4

**Rules of Procedure**

Federal Rule of Appellate Procedure 40 ……………………………………...4, 7

Federal Rule of Civil Procedure 12(b)(6)…………………………………..5, 7, 8

## **JURISDICTIONAL STATEMENT**

The district court has original jurisdiction over this case under the Fourth and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction).

This Court has appellate jurisdiction under 28 U.S.C. § 1294(1). Jason Carter timely filed a notice of appeal on September 25, 2020, from an August 27, 2020 final order of the district court granting Defendants' motion to dismiss Plaintiff's Second Amended Petition. Each issue addressed in the appeal was presented to the lower court and a ruling was made by the court on these issues.

This Court entered an order dated July 21, 2021 regarding the appeal. Plaintiff respectfully requests clarification from this Court on certain aspects of the July 21, 2021 order. This Court has jurisdiction to consider a rehearing pursuant to Federal Rule of Appellate Procedure 40.

## **STATEMENT OF ISSUE PRESENTED FOR REVIEW**

Plaintiff Jason Carter requests that this Court clarify its July 21, 2021 order and direct the parties as to whether its intent was to remand the remaining counts to the district court to move forward, or to remand the remaining counts to the district court to consider the Federal Rule of Civil Procedure 12(b)(6) aspects of Defendants' motion to dismiss.

## **STATEMENT OF THE CASE**

Plaintiff Jason Carter appealed the district court's dismissal of all of his counts asserted in his Second Amended Petition. After briefing, this Court entered an order affirming the dismissal of Count III on different grounds, i.e., failure to state a claim, and reversing the dismissal of the remaining counts. Due to disagreement between the parties, Jason requests that this Court clarify its July 21, 2021 order.

## **PETITION FOR LIMITED PANEL REHEARING**

Pursuant to Federal Rule of Appellate Procedure 40, Jason Carter requests this Court to grant limited panel rehearing.

On July 21, 2021, this Court entered its ruling and judgment on Jason Carter's appeal. In its order, the Court affirmed dismissal of Count III of Jason's Petition, "reverse[d] the dismissal of Carter's remaining claims, and remand[ed] the district court to consider those claims in the first instance." 7/21/21 Ruling at 2. Jason Carter respectfully requests clarification from this Court on what it intended by stating that the remaining claims were to be remanded to the district court to be considered "in the first instance."

In their brief, Defendants encouraged this Court to affirm the district court's dismissal of all of Jason's claims on Federal Rule of Civil Procedure 12(b)(6) grounds as well as the *Rooker-Feldman* Doctrine. *See, e.g.*, Mark Ludwick Brief, filed 02/22/2021, at 15 ("To the extent this Court disagrees that some or all of the claims should not be dismissed for lack of subject matter jurisdiction, dismissal is nevertheless appropriate because the record demonstrates none of Plaintiff's claims against Defendant Ludwick are viable."). This Court clearly considered Defendants' 12(b)(6) arguments for Count III because it affirmed the dismissal of Count III on different grounds by finding that Jason "did not allege a pattern of unconstitutional conduct in claiming that the county failed to adequately train or supervise one of its

7

officers." 7/21/21 Ruling at 1-2.

Jason believes that this Court must have, therefore, also considered Defendants' 12(b)(6) arguments for the surviving counts, but reversed the dismissal of those counts based on *Rooker-Feldman*. The affirmation of dismissal of Count III on 12(b)(6) grounds implies this Court refused to affirm dismissal of the remaining counts on 12(b)(6) grounds because the record for doing so was part of the record for this appeal. The July 21, 2021 ruling, however, does not state whether this Court also considered Defendants' 12(b)(6) arguments in ruling on the surviving counts.

Based on the July 21, 2021 ruling, Jason believes that the remaining counts have been remanded to the district court to move forward. Defendants, however, believe that this Court reversed and remanded to the district court to consider the 12(b)(6) aspects of Defendants' motion to dismiss.

The most efficient way for the parties to determine what this Court intended by its July 21, 2021 ruling is to ask this Court. Jason Carter respectfully requests that this Court clarify whether it remanded the surviving counts to the district court to move forward, past the motion to dismiss stage, or whether it remanded the surviving counts to the district court for the district court to consider the 12(b)(6) aspects of Defendants' motion to dismiss.

Jason Carter does not request oral argument or additional briefing on this issue.

Respectfully submitted,

*/s/ Alison F. Kanne*
Alison F. Kanne     AT0013262
WANDRO & ASSOCIATES, P.C.
2501 Grand Ave. Suite B
Des Moines, IA 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
Email: akanne@2501grand.com

*/s/ Nathan A. Olson*
Christine E. Branstad     AT0001125
Nathan A. Olson     AT0011403
BRANSTAD & OLSON LAW OFFICES
2501 Grand Ave. Suite A
Des Moines, IA 50312
Telephone: (515) 224-9595
Facsimile: (515) 281-1474
Email: Branstad@BranstadLaw.com
           Olson@BranstadLaw.com

*/s/ Glen S. Downey*
Glen S. Downey AT0012428
LAW OFFICES OF GLEN S. DOWNEY
5214 Ingersoll Avenue
Des Moines, IA 50312
Telephone: (412) 865-7110
Facsimile: (515) 259-7599
Email: glen@downey-law.net
**ATTORNEYS FOR APPELLANT**

9

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(A) because it does not exceed 15 pages, and it also complies with Fed. R. App. P. 32(a)(7)(B) because the brief contains 750 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Office Word using 14-point Times New Roman.

3.The brief was scanned for viruses and it is virus free.

Dated: July 23, 2021

*/s/ Alison Kanne*

## CERTIFICATE OF SERVICE

I certify on July 23, 2021, I electronically filed this petition for limited rehearing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Dani Pigman*