IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JASON CARTER,<br><br>        Plaintiff,<br><br>vs.<br><br>MARK LUDWICK, Agent of Iowa Department of Criminal Investigation, in his individual capacity;<br><br>MARION COUNTY, IOWA;<br><br>REED KIOUS, Marion County Deputy Sheriff, in his individual capacity.<br><br>        Defendants. | Case No. 4:19-cv-00401-CRW<br><br>**DEFENDANTS' JOINT MOTION FOR COURT TO CONSIDER REMAINING CLAIMS PURSUANT TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT'S REMAND INSTRUCTIONS** |

**COME NOW** Mark Ludwick, Marion County, and Reed Kious ("Defendants") and respectfully state as follows:

1. In June of 2020, the Defendants each independently moved to dismiss all claims against them in Plaintiff's Second Amended Complaint. Each motion to dismiss contained numerous, distinct grounds for dismissal of every claim.[1]

2. Plaintiff resisted each of the Defendants' motions and on August 11, 2020, this Court heard oral arguments from the parties. During oral argument, this Court noted that the Defendants "have presented very strong arguments in support

---

[1] Defendant Ludwick's motion to dismiss and brief are at ECF 23. Defendants' Marion County and Kious' motion to dismiss is at ECF 19 and the brief in support of that motion is at ECF 22.

1

of their contention that the amended complaint does not reach the level of plausibility that's required by the U.S. Supreme Court's *Bell Atlantic v. Twombly* decision, and they have cited a number of other case authorities supporting their motions to dismiss." Transcript of Oral Argument, at 4 (Aug. 11, 2020) (Doc. 61).

3. Following oral argument, this Court dismissed all claims in Plaintiff's Second Amended Complaint exclusively on the basis that it lacked jurisdiction over the case under the *Rooker–Feldman* doctrine. Because the Court concluded it lacked jurisdiction, the ruling did not address Defendants' numerous other arguments supporting dismissal, including plausibility.

4. Plaintiff appealed the dismissal to the United States Court of Appeals for the Eighth Circuit. On July 21, 2021, the Eighth Circuit issued a per curiam opinion affirming in part and reversing in part, concluding that Count III was properly dismissed but the remaining claims were within this Court's jurisdiction. *See* Ex. 1, at 2–3.

5. Although the Defendants argued that the Eighth Circuit could affirm this Court's dismissal on any ground urged below and briefed those arguments on appeal, the per curiam decision concluded by instructing this Court "to consider [the remaining] claims in the first instance." Ex. 1, at 3. *See also, e.g., King v. Hilgert*, No. 4:13-cv-3061, 2015 WL 1119451, at *3–6 (D. Neb. Mar 11, 2015) (district court dismissed claims against three defendants for failure to exhaust remedies, Eighth Circuit reversed and remanded the claims to the district court to "consider them in

the first instance," and district court on remand dismissed the claims for failure to state a claim upon which relief can be granted).

6. Despite plain language and caselaw demonstrating that remand for consideration "in the first instance" requires this Court to consider Defendants' other arguments for dismissal of the remaining claims, Plaintiff nevertheless petitioned the Eighth Circuit for limited panel rehearing and requested that they "clarify" their order and instruct that the case must proceed to discovery. The Eighth Circuit declined that invitation, denied Plaintiff's petition for rehearing, and issued its mandate on August 25, 2021. Accordingly, this Court now has jurisdiction to resume its consideration of the remaining claims.

7. The underlying facts of this case are highly complex and, among other things, produced two lengthy jury trials, one civil and one criminal. Discovery in this matter will accordingly be costly and burdensome for all parties involved. If this is a lawsuit that cannot survive a Rule 12(b)(6) motion, that should be established now, before discovery commences.

8. To the extent the Court finds it necessary in order to facilitate consideration of the remaining claims, Defendants renew their motions to dismiss and request the Court dismiss all claims against them for the reasons set forth in the motions.

9. The Defendants believe that briefing and argument on the remaining grounds in their motions to dismiss are complete for all parties. Unless the Court

desires additional briefing or argument, the Defendants stand on the record made to date on their respective motions to dismiss.

10. The Defendants' obligation to answer the Second Amended Complaint should continue to be extended on the strength of their pending motions to dismiss until those motions are resolved by this Court. To the extent necessary, the Defendants jointly move for an extension of their deadline to answer the Second Amended Complaint until their motions to dismiss are ruled on.

WHEREFORE, the Defendants, Mark Ludwick, Marion County, and Reed Kious pray this Court for an order considering and dismissing the remaining claims in the Second Amended Complaint on the basis of their previously filed motions to dismiss and granting them such other relief as is appropriate.

           Respectfully submitted,

           THOMAS J. MILLER
           IOWA ATTORNEY GENERAL

           */s/ Jeffrey C. Peterzalek*
           JEFFREY C. PETERZALEK
           TESSA M. REGISTER
           1305 E. Walnut Street
           Des Moines, IA 50319
           Telephone: (515) 281-5112
           E-mail: jeffrey.peterzalek@ag.iowa.gov
           Tessa.Register@ag.iowa.gov
           ATTORNEYS FOR DEFENDANT MARK LUDWICK

           */s/ Jason C. Palmer*
           JASON C. PALMER
           BENJAMIN R. ERICKSON
           801 Grand Avenue, Suite 3700

Des Moines, IA 50309
Telephone: (515) 246-5858
E-mail: palmer.jason@bradshawlaw.com
erickson.benjamin@bradshawlaw.com
ATTORNEYS FOR DEFENDANTS
MARION COUNTY, IOWA and REED KIOUS

All parties served via CM/ECF on Aug. 27, 2021.