## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JASON CARTER, | |
| Plaintiff, | |
| v. | CIVIL ACTION No.: 4:19-cv-00401 |
| MARK LUDWICK, Agent of Iowa Department of Criminal Investigation; and MARION COUNTY, IOWA; REED KIOS, Marion County Deputy Sheriff, | JURY TRIAL DEMANDED |
| Defendants. | RESISTANCE TO DEFENDANTS' JOINT MOTION TO CONSIDER REMAINING CLAIMS |

### RESISTANCE TO DEFENDANTS' AUGUST 27, 2021 JOINT MOTION

As grounds for Resistance, Carter states:

1. Over a year ago, in June 2020, Defendants filed independent Motions to Dismiss all claims in Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction; and 12(b)(6) – Failure to State a Claim Upon Which Relief May Be Granted.

2. After Resistances were filed and after oral argument, this Honorable Court concluded Plaintiff's constitutional and civil rights claims were an attempt to collaterally attack an independent State Court judgment and, concluding lack of subject matter jurisdiction to hear those claims, dismissed Plaintiff's Complaint pursuant to the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983)

3. Plaintiff appealed dismissal to the United States Court of Appeals for the Eighth Circuit. After briefing, the Eighth Circuit issued a per curiam opinion on July 21 2021, affirming in part and reversing in part the district court decision.

4. Rather than merely reverse the district court on subject matter jurisdiction, the Eighth Circuit concluded Count III – a Monell claim against Marion County relating to lack of

1

training – should be dismissed on a different ground – failure to state a claim upon which relief could be granted.

5. Obviously fearing reversal on the jurisdictional issue, Defendants' Eighth Circuit briefs argued for dismissal of Plaintiff's claims on their other ground – i.e. a 12(b)(6) failure to state a claim upon which relief can be granted.

6. Defendants now petition this Court to dismiss Plaintiff's remaining five claims alleging failure to state a claim upon which relief can be granted.

7. Defendants proverbially hang their argument hat on one nail, namely the last phrase of the Eighth Circuit opinion which remanded "for the district court to consider those claims in the first instance."

8. It is Defendants' argument this phrase mandates this Honorable Court to reconsider Defendants' remaining claims for dismissal of Plaintiff's Complaint.

9. This argument by Defendants is flawed for several reasons, including failure to put that phrase into the context of the entire opinion.

10. After hearing Defendants' dispositive motions, this Honorable Court dismissed Plaintiff's entire Complaint on jurisdictional grounds. But rather than merely reverse that decision in whole on the jurisdiction issue and remand for consideration of Defendants' claims for dismissal, the Eighth Circuit, "[u]pon careful review" determined this Court did not err in dismissing Count 3.

11. In other words, on Count 3, the Eighth Circuit entertained Defendants' alternative 12(b)(6) argument for relief and determined Plaintiff's Count 3 did not state a claim upon which relief could be granted citing <u>Connick v. Thompson</u>, 563 U.S.51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." (citation omitted)); <u>Fullington v. Pfizer</u>,

Inc., 720 F.3d 739, 747 (8th Cir. 2013) ("[W]e can 'affirm the district court's dismissal on any basis supported by the record.'" (citation omitted)).

12. Therefore, it is clear from the Circuit's dismissal of Count 3 that the Court entertained **ALL** Defendants' arguments in light of the record and saw fit only to affirm dismissal of Count 3 on different grounds.

13. The record before the Circuit and the record before this Honorable Court were and are the exact same record – i.e. allegations of Plaintiff's Complaint.[1] –Therefore, after careful review of that record, if the Circuit concluded Plaintiff's other claims were subject to dismissal under 12(b)(6), the Circuit would have likewise dismissed those claims

14. However, after affirming dismissal of Count 3 on 12(b)(6) grounds, the Circuit reversed dismissal of the remaining counts.

15. If Defendants' assertion was correct, the Circuit would not have examined Count 3 separately since nothing about the record in Count 3 distinguishes it from the remaining counts since all Defendants' claims for relief are based on Plaintiff's Complaint.

16. Instead, the Court would have simply reversed the entire Complaint on jurisdictional grounds and remanded for this Honorable Court to entertain Defendants' 12(b)(6) claims for relief.

For the reasons stated above, Plaintiff Jason Carter requests this Honorable Court deny Defendants' renewed 12(b)(6) Motion and set a Scheduling and Discovery Scheduling Conference.

Thursday, September 16, 2021

Respectfully submitted,

---

[1] Defendants attached documents to the Motions to Dismiss, including the arrest warrant, a court transcript and the civil jury verdict, but this Honorable Court did not use those documents to convert Defendants' Motions to Dismiss into Motions for Summary Judgement, instead ruling that the materials in question were "necessarily embraced by the complaint." Doc. No. 55, p. 1, citing Enervations, Inc. v. 3M, 380 F.3d 1066, 1069 (8th Cir. 2004).

| | | |
|---|---|---|
| /s/Alison F. Kanne<br>Alison F. Kanne<br>WANDRO & ASSOCIATES, P.C.<br>2501 Grand Ave. Suite B<br>Des Moines, IA 50312<br>(515) 281-1475<br>Akanne@2501grand.com | /s/Christine E. Branstad<br>Christine E. Branstad<br>Nathan A. Olson<br>BRANSTAD & OLSON<br>2501 Grand Ave. Suite A<br>Des Moines, IA 50312<br>(515) 224-9595<br>Branstad@BranstadLaw.com<br>Olson@BranstadLaw.com | /s/Glen S. Downey<br>Glen S. Downey<br>LAW OFFICES OF<br>GLEN S. DOWNEY<br>5214 Ingersoll Ave.<br>Des Moines, IA 50312<br>(412) 865-7110<br>glen@downey-law.net |